UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER L DODSON,

    Plaintiff,

v.

NANCY A BERRYHILL, Acting
Commissioner of Social Security,

    Defendant.

CASE NO. 3:17-CV-05055-DWC

ORDER REVERSING AND
REMANDING THE
COMMISSIONER'S DECISION TO
DENY BENEFITS

Plaintiff Christopher L. Dodson filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of his application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 6.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") failed to properly consider the Veterans Affairs ("VA") Rating Decision ("VA Rating"). Had the ALJ properly considered the VA Rating, the ALJ may have determined Plaintiff was disabled or the residual functional capacity ("RFC") may have included additional limitations. Therefore, the

ALJ's error is harmful and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On March 11, 2013, Plaintiff filed an application for DIB, alleging disability as of November 1, 2007. *See* Dkt. 10, Administrative Record ("AR") 685. The application was denied upon initial administrative review and on reconsideration. *See* AR 685. Hearings were held before ALJ Robert P. Kingsley in January and April of 2014. AR 36-73. ALJ Kingsley found Plaintiff not disabled. AR 17-31. The Appeals Council denied Plaintiff's administrative appeal, making the ALJ's opinion the final decision of the Commissioner. *See* AR 1-6. Plaintiff appealed to the United States District Court for the Western District of Washington, which remanded the case for further proceedings. *See* AR 817-34; *Dodson v. Colvin*, 3:15-CV-04144-JRC (W.D. Wash., Sept. 30, 2015).

On remand, Plaintiff received a second hearing before ALJ Cynthia D. Rosa. AR 742-82. At the hearing, Plaintiff amended his alleged onset date to April 1, 2009. AR 746. On November 23, 2016, ALJ Rosa found Plaintiff not disabled. AR 685-702. Plaintiff did not file written exceptions with the Appeals Council, making the November 23, 2016 decision the final decision of the Commissioner. *See* AR 682. Plaintiff now appeals the ALJ Rosa's November 23, 2016 decision.[1]

In the Opening Brief, Plaintiff maintains the ALJ failed to provide: (1) specific, persuasive, valid reasons for rejecting the VA Rating; (2) clear and convincing reasons for

---

[1] When stating "the ALJ" or "the ALJ's decision" throughout this Order, the Court is referring to ALJ Rosa and her November 23, 2016 decision.

1 finding Plaintiff is not as limited as he testified; and (3) germane reasons for rejecting the
2 testimony of Mandy Gordon. Dkt. 12, pp. 1-2.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**I.      Whether the ALJ properly considered the VA Rating.**

Plaintiff first alleges the ALJ failed to provide adequate reasons for rejecting the VA Rating. Dkt. 12, pp. 3-10.

A determination by the VA about whether a claimant is disabled is not binding on the Social Security Administration ("SSA"); however, an ALJ must consider the VA's determination in reaching his or her decision. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002); 20 C.F.R. § 404.1504. Further, the ALJ "must ordinarily give great weight to a VA determination of disability." *McCartey*, 298 F.3d at 1076. This is because of "the marked similarity" between the two federal disability programs. *See id.* (describing similarities in the programs). However, "[b]ecause the VA and SSA criteria for determining disability are not identical," the ALJ "may give less weight to a VA disability rating if [s]he gives persuasive, specific, valid reasons for doing so that are supported by the record." *Id.* (citing *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001).

On July 17, 2013, the VA issued the Rating finding, in relevant part, Plaintiff's posttraumatic stress disorder ("PTSD") with depressive disorder resulted in a 100% disability

rating effective November 18, 2011. AR 331. The VA determined Plaintiff also met housebound criteria as of November 18, 2011. AR 331. The VA found Plaintiff's PTSD resulted in 100% disability because Plaintiff had: total occupational and social impairment, persistent delusions, persistent hallucinations, difficulty in adapting to a worklike setting, difficulty in adapting to stressful circumstances, difficulty in adapting to work, a Global Assessment of Function ("GAF") score of 50, difficulty in establishing and maintaining effective work and social relationships, forgetting to complete tasks, impairment of short and long term memory, panic attacks more than once a week, retention of only highly learned material, anxiety, chronic sleep impairment, and depressed mood. AR 332-33.

In discussing the VA Rating, the ALJ stated the VA Rating was entitled to "some weight." AR 698. The ALJ then (1) outlined the differences between the SSA's and VA's disability programs and stated she was giving some weight to the VA Rating because: (2) the state agency consultants supported a different conclusion; (3) Plaintiff did not seek follow-up care for his pain; (4) the mental health evidence does not support the VA Rating through June 30, 2012, the date last insured; and (5) Plaintiff's activities of daily living are inconsistent with the VA Rating. AR 698-99.

First, in her decision, the ALJ explained the differences between the disability programs as follows:

> A claimant who is rated as having a service-connected physical impairment, or even multiple impairments, is not necessarily disabled under the [SSA's] disability program. The claimant's VA disability rating does not provide a function-by-function analysis of the claimant's abilities, as required by Social Security rules and regulations, and, therefore, it lacks probative value. Further, the V.A. (sic) resolves reasonable doubt in the claimant's favor. The [SSA] is not required to do the same. Other factors are unique to the [SSA] proceeding. For example, in this case the undersigned must consider the claimant's condition through the date last insured. As a result, the VA may base its determination on evidence that shows recent changes in the claimant's condition.

AR 698-99 (internal citations omitted).

Plaintiff asserts the ALJ's explanation of the differences between the SSA's and VA's disability programs is not an adequate reason to reject the VA Rating. Dkt. 12. Defendant argues the ALJ was merely providing general statements explaining the differences between the two disability programs and these are not reasons for rejecting the VA Rating. Dkt. 16. The Court agrees with the parties that the ALJ's explanation of the differences between the two programs is not a persuasive, specific, valid reason for rejecting the VA Rating. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 695 (9th Cir. 2009) (finding the ALJ's decision to give less weigh to the VA's disability rating on the general ground that the VA and SSA disability inquiries are different was error).

Second, the ALJ gave less weight to the VA Rating because she "considered opinions from state agency medical consultants who are unique to the [SSA] proceeding. The combination of time-limited medical evidence, new medical opinions, and a different set of regulations supports a difference conclusion in this matter." AR 699. "[T]he acquisition of new evidence or a properly justified reevaluation of old evidence constitutes a 'persuasive, specific, and valid reason[ ] ... supported by the record' under *McCartey* for according little weight to a VA disability rating." *Valentine*, 574 F.3d at 695. Here, however, the ALJ failed to explain what information contained in the state agency opinions and the new medical opinions supported "a different conclusion in this matter." *See* AR 699. It is unclear what medical opinions and new evidence the ALJ is relying on to discount the VA Rating. For example, it is unclear if the ALJ is relying on opinions and evidence related to Plaintiff's physical or mental impairments when discounting the VA Rating. *See* AR 699. The ALJ also gave less weight to the VA Rating because it was based on "time-limited medical evidence." AR 699. However, the VA Rating was

based on medical evidence ranging from 1994 to 2013. *See* AR 332. Thus, the ALJ's finding that the VA Rating was based on "time-limited medical evidence" is not supported by the record. The Court also notes, as discussed above, the ALJ's finding that the SSA and VA use different sets of regulations is not a valid reason for giving less weight to the VA Rating. The Court finds the ALJ's second reason for giving less weight to the VA Rating is vague, conclusory, and not supported by the record; therefore, it does not reach the level of persuasive specificity necessary to justify rejecting the decision. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings."); *Cobbs v. Colvin*, 2014 WL 468928, *8 (D.S.C. Feb. 4, 2014) (finding the ALJ erred by providing a conclusory statement that the evidence was inconsistent with the VA rating decision related to the claimant's PTSD).

Third, the ALJ gave less weight to the VA Rating because Plaintiff did not seek follow-up care for his pain. AR 699. Defendant concedes this is not a valid reason to discount the VA Rating because the disability rating was based on Plaintiff's PTSD, not on Plaintiff's physical limitations. *See* Dkt. 16, p. 6. As Defendant concedes Plaintiff's failure to seek follow-up care for his pain is not a proper reason for discounting the VA Rating, the Court concludes the ALJ's third reason is not valid.

Fourth, the ALJ gave less weigh to the VA Rating because the mental health evidence does not support the VA Rating through the date last insured, June 30, 2012. AR 699. In support, the ALJ stated

> The claimant first saw Ms. Wagonblast in May 2011. He did not begin counseling until the end of 2011, however, and he did not want a referral to address his anxiety. One month after the date last insured, Ms. Marsh gave a GAF of 61 (mild impairment or mild symptoms)."

AR 699 (internal citations omitted). The ALJ failed to explain how the fact Plaintiff did not seek mental health treatment until the end of 2011 contradicts the VA Rating finding Plaintiff disabled as of November 2011. *See* AR 699. Additionally, Plaintiff's failure to seek treatment for his mental health conditions until "late in the day" is a not a substantial reason to find an assessment of a claimant's mental health conditions is inaccurate. *See Van Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996) ("the fact that claimant may be one of millions of people who did not seek treatment for a mental disorder until late in the day is not a substantial basis on which to conclude that [a physician's] assessment of claimant's condition is inaccurate"); *see also Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir. 1989)). Further, the ALJ fails to explain why Ms. March's opinion that Plaintiff had a GAF score of 61 is entitled to more weight than the VA Rating finding a GAF score of 50 or Ms. Wagonblast's determination that Plaintiff had a GAF score of 40. *See* AR 333, 478, 699; *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (an ALJ errs when he rejects a medical opinion or assigns it little weight when asserting without explanation another medical opinion is more persuasive). Thus, the Court finds the ALJ's finding that the mental health evidence did not support the VA Rating is not a persuasive, specific, and valid reason for discounting the VA Rating.

  Fifth, the ALJ found Plaintiff's activities of daily living were inconsistent with a finding of total and permanent disability. AR 699. Specifically, the ALJ cited to Plaintiff's ability to attend a baseball game in 2011, move in with his girlfriend and five children, have visitation rights with his two children on weekends, and attend a parenting class. AR 699. The Court first notes the ALJ has failed to explain how these activities are inconsistent with the VA Rating. *See* AR 699. For example, the ALJ has failed to explain how Plaintiff's one time attendance at a baseball game is inconsistent with the VA Rating. Further, the record shows Plaintiff's activities

of daily living are limited and include chores such as folding the laundry, inspecting the bed, and moving the sprinkler in the yard. AR 762. He states he tries to talk with his two children when they visit, but his girlfriend cooks meals and supervises the children's chores. AR 756, 761. During one hearing, Plaintiff testified he no longer cares continuously for the five children because it was too much to ask of him. AR 733. Additionally, he reported to a medical provider he did not see his children very much because he is impulsive and lacks judgment due to his PTSD. AR 397. The Court finds Plaintiff's activities of daily living, as identified by the ALJ, are not inconsistent with a finding of total and permanent disability. Therefore, this is not a persuasive, specific, and valid reason for discounting the VA Rating.

For the above stated reasons, the Court finds the ALJ did not provide persuasive, specific, and valid reasons for giving less weight to the VA Rating. Therefore, the ALJ erred.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Here, if the ALJ had given great weight to the VA Rating finding Plaintiff was 100% disabled because of PTSD with depressive disorder, the ALJ may have determined Plaintiff was disabled under SSA criteria or included additional mental limitations in the RFC. In the RFC, the ALJ limited Plaintiff to performing simple, routine tasks that do not require contact with the

public and only occasional, superficial contact with coworkers. AR 691. If the ALJ had given great weight to the VA Rating, she may have included additional limitations in the RFC, such as limiting Plaintiff's ability to adapt to worklike settings, stressful circumstances, and work and limiting Plaintiff's ability to attend work on a consistent basis. *See* AR 331. Accordingly, the Court finds the ALJ's failure to properly consider the VA Rating is harmful error.

## II. Whether the ALJ provided proper reasons for discounting Plaintiff's subjective symptom testimony and the lay opinion of Mandy Gordon.

Plaintiff contends the ALJ failed to give clear and convincing reasons for rejecting Plaintiff's testimony about his symptoms and limitations and alleges the ALJ failed to provide a germane reason for discounting portions of the lay witness testimony of Plaintiff's girlfriend, Mandy Gordon. Dkt. 12. The Court concludes the ALJ committed harmful error in assessing the VA Rating. *See* Section I, *supra*. Because the ALJ's reconsideration of the medical evidence, including the VA Rating, may impact her assessment of Plaintiff's subjective testimony and Ms. Gordon's testimony, the ALJ must reconsider Plaintiff's subjective testimony and Ms. Gordon's testimony on remand.

## III. Whether the case should be remanded for an award of benefits.

Plaintiff argues this matter should be remanded with a direction to award benefits. *See* Dkt. 12. The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

(1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

The Court has determined, on remand, the ALJ must re-evaluate the VA Rating, Plaintiff's symptom testimony, and Ms. Gordon's testimony to determine if Plaintiff is capable of performing jobs existing in significant numbers in the national economy. Therefore, there are outstanding issues which must be resolved and remand for further administrative proceedings is appropriate.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 31st day of August, 2017.

David W. Christel
United States Magistrate Judge